This is an appeal from an order of the court setting aside a sale of certain real estate belonging to the estate of Louisiana R. Long, deceased, and ordering a resale of the property.
The only facts material to the case are, that on March 6, 1906, appellant in open court bid $15,400 cash for certain real estate belonging to the estate of deceased upon condition that he should be furnished an unlimited certificate of title showing the property entirely clear of all liens or clouds. The bid was accepted, appellant paid $1,550 on account of the purchase price, and thereupon the court made its order confirming the same. Thereafter, on July 20, 1906, pursuant to notice duly given, respondents moved the court to set aside the sale so made to appellant and order a resale of the property, the grounds of the motion being that said appellant had neglected and refused to pay the balance of the agreed purchase price of the property. The hearing of this motion was, at the request of appellant, continued from July 20th to August 10th, on which last-mentioned date the court made the order setting aside the sale, and from which this appeal is prosecuted.
Sometime in June, 1906, there was delivered to appellant a certificate of title executed by the Title Insurance and Trust Company of Los Angeles, and appellant then accepted the title to the property as shown by this certificate, provided the respondents, who were the executors of the estate of said deceased, would credit him on his bid with the sum of $63 paid on a street improvement bond; to all of which the executors consented and agreed. A tender of the deed and a demand for the balance of the purchase price was admitted. The only objection urged against granting this motion was the condition of the money market, Fox stating that he was not able at that time to raise the balance of the purchase price; whereupon the court, at his request, continued the hearing to August 10, 1906, at which time the order granting the motion was made.
Section 1554, Code of Civil Procedure, provides: "If, after the confirmation, the purchaser neglects or refuses to *Page 686 
comply with the terms of the sale, the court may, on motion of the executor or administrator, and after notice to the purchaser, order a resale to be made of the property." Under this provision of the statute, the making of the order was a matter solely within the discretion of the court. The record discloses no abuse of discretion; indeed, the circumstances would seem to permit no other course than that pursued.
After the order was made appellant filed an affidavit, which purported to embody his objections to the granting of the motion. This affidavit was, by an order of the court made October 12, 1906, stricken from the files. No appeal was taken from this order, and neither the affidavit nor the ruling of the court in striking it from the files can be considered on this appeal, which was taken some three weeks prior to said October 12th.
The order appealed from is affirmed.
Allen, P. J., and Taggart, J., concurred.
A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 3, 1907.